1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  MARGARET W. BAUMGARTNER, State Bar #1511762
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3859
6  Facsimile:     (415) 554-3837
   E-Mail:        margaret.baumgartner@sfcityatty.org
7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| SEAN MOORE, an individual,<br><br>     Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; KENNETH CHA, individually and in his capacity as a City of San Francisco Police Officer; COLIN PATINO, individually and in his capacity as a City of San Francisco Police Officer; and DOES 1-50, inclusive,<br><br>     Defendants. | Case No. 3:18-cv-00634-CRB<br><br>**ANSWER OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO TO COMPLAINT**<br><br>Trial Date:          Not set. |

Defendant CITY AND COUNTY OF SAN FRANCISCO answers plaintiff's Complaint For Damages ("complaint") as follows:

## INTRODUCTION

1.      Defendant answers paragraph 1 of the complaint as follows:  Defendant admits that Officer Kenneth Cha shot plaintiff at plaintiff's residence in January 2017.  Defendant specifically

denies that the officers acted unlawfully.  Except as specifically admitted defendant denies generally and specifically the remaining allegations in this paragraph.

2.      Defendant answers paragraph 2 of the complaint as follows:  Defendant admits that some of the interaction with plaintiff was recorded on officers' body worn cameras, and that the officers used pepper spray and batons, and alleges that their use was for legitimate and lawful purposes.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in the complaint.

3.      Defendant answers paragraph 3 of the complaint as follows:  Defendant admits that the San Francisco District Attorney's office filed criminal charges against plaintiff and allege that the criminal charges were legitimate based on plaintiff's actions.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

## JURISDICTION

4.      This paragraph contains legal contentions, which do not require a response.  To the extent a response is necessary, defendant answers paragraph 4 of the complaint as follows:  Defendant admits that jurisdiction rests in this court.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

5.      This paragraph contains legal contentions, which do not require a response.  To the extent a response is necessary, defendant answers paragraph 5 of the complaint as follows:  Defendant admits that jurisdiction rests in this court.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

6.      This paragraph contains legal contentions, which do not require a response.  To the extent a response is necessary, defendant answers paragraph 6 of the complaint as follows:  Defendant admits that jurisdiction rests in this court.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

## PARTIES

7.      Defendant answers paragraph 7 of the complaint as follows:  This paragraph contains legal contentions, which not require a response.  Defendant lacks information and belief as to whether

plaintiff resides in San Francisco, or suffers from mental health disabilities including whether plaintiff has been diagnosed schizophrenic, and on that basis denies the remaining allegations in this paragraph.

8.      Defendant answers paragraph 8 of the complaint as follows:  This paragraph contains only legal contentions, and do not require a response.  To the extent a response is required, defendant admits that it is a public entity and is authorized and exists under the laws of the State of California, and that it employed Colin Patino and Kenneth Cha.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

9.      Defendant answers paragraph 9 of the complaint as follows:  This paragraph contains only legal contentions, and does not require a response.  To the extent a response is required, defendant admits that Kenneth Cha is and was at the times mentioned in the complaint a police officer for the City and County of San Francisco.

10.     Defendant answers paragraph 10 of the complaint as follows:  This paragraph contains only legal contentions, and does not require a response.  To the extent a response is required, defendant admits that Colin Patino is and was at the times mentioned in the complaint a police officer for the City and County of San Francisco.

11.     Defendant answers paragraph 11 of the complaint as follows:  This paragraph contains only legal contentions, and does not require a response.  To the extent a response is required, defendant denies the allegations contained in this paragraph.

12.     Defendant answers paragraph 12 of the complaint as follows:  This paragraph contains only legal contentions, and does not require a response.

13.     Defendant answers paragraph 13 of the complaint as follows: This paragraph contains only legal contentions, and does not require a response.

14.     Defendant answers paragraph 14 of the complaint as follows:  This paragraph contains only legal contentions, and does not require a response.

15.     Defendant answers paragraph 15 of the complaint as follows:  This paragraph contains only legal contentions, and does not require a response.  To the extent a response is required, defendant admits that plaintiff filed a government tort claim on or about July 5, 2017, and that the City

and County of San Francisco rejected the claim on or about July 28, 2017.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

## **STATEMENT OF FACTS**

16.     Defendant answers paragraph 16 of the complaint as follows:  Defendant admits that a call was received by the City at approximately 3:51 a.m. on January 6, 2017, from Mr. Choy, the next door neighbor of plaintiff, alleging that plaintiff violated the terms of a restraining order that Mr. Choy had against plaintiff, and that San Francisco Police Officers Kenneth Cha and Colin Patino initially responded to the call for service.

17.     Defendant answers paragraph 17 of the complaint as follows:  Defendant admits that Officers Cha and Patino responded to the call at approximately 4:15 a.m., and that Officer Cha went to speak to plaintiff and Officer Patino went to speak to Choy.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

18.     Defendant answers paragraph 18 of the complaint as follows:  Defendant admits that plaintiff initially spoke to Officer Cha through the door, and that Officer Patino approached plaintiff's door.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

19.     Defendant answers paragraph 19 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

20.     Defendant answers paragraph 20 of the complaint as follows:  Defendant admits that words were exchanged between the officers and plaintiff, and that plaintiff was uncooperative with the officers.  Except as specifically admitted, defendant denies, generally and specifically, the remaining allegations in this paragraph

21.     Defendant answers paragraph 21 of the complaint as follows:  Defendant admits that words were exchanged between the officers.  Except as specifically admitted, defendant denies, generally and specifically, the remaining allegations in this paragraph.

22.     Defendant answers paragraph 22 of the complaint as follows:  Defendant denies the allegations in this paragraph.

23.     Defendant answers paragraph 23 of the complaint as follows:  Defendant denies the allegations in this paragraph.

24.     Defendant answers paragraph 24 of the complaint as follows:  Defendant denies the allegations in this paragraph.

25.     Defendant answers paragraph 25 of the complaint as follows:  Defendant denies the allegations in this paragraph.

26.     Defendant answers paragraph 26 of the complaint as follows:  Defendant admits that Officer Cha used pepper spray during his encounter with plaintiff.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

27.     Defendant answers paragraph 27 of the complaint as follows:  Defendant denies the allegations in this paragraph.

28.     Defendant answers paragraph 28 of the complaint as follows:  Defendant admits that Officer Cha called for an ambulance.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

29.     Defendant answers paragraph 29 of the complaint as follows:  Defendant lacks information and belief as to the truth of these allegations, and on that basis denies the allegations contained in this paragraph.

30.     Defendant answers paragraph 30 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

31.     Defendant answers paragraph 31 of the complaint as follows:  Defendant admits that an officer took out his baton in response to plaintiff's actions.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

32.     Defendant answers paragraph 32 of the complaint as follows:  Defendant admits that an officer took out his baton in response to plaintiff's actions.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

33.     Defendant answers paragraph 33 of the complaint as follows:  Defendant admits that San Francisco Police Officer Kenneth Cha shot plaintiff, and alleges that the shooting was lawfully

justified.  Except as specifically admitted, defendant denies generally and specifically the remaining allegations contained in this paragraph.

34.     Defendant answers paragraph 34 of the complaint as follows:  Defendant denies the allegations in this paragraph.

35.     Defendant answers paragraph 35 of the complaint as follows:  Defendant admits that plaintiff was arrested and taken into custody, and was transported to the hospital in an ambulance. Except as specifically admitted, defendant denies generally and specifically the remaining allegations in this paragraph.

36.     Defendant answers paragraph 36 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

37.     Defendant answers paragraph 37 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

38.     Defendant answers paragraph 38 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

39.     Defendant answers paragraph 39 of the complaint as follows:  Defendant denies the allegations in this paragraph.

40.     Defendant answers paragraph 40 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

41.     Defendant answers paragraph 41 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

42.     Defendant answers paragraph 42 of the complaint as follows:  This paragraph contains legal contentions to which no response is required.  To the extent that a response is required, defendant denies the allegations contained in this paragraph.

## MONELL ALLEGATIONS

43.     Defendant answers paragraph 43 of the complaint as follows:  This paragraph contains legal contentions to which no response is required.  To the extent that a response is required, defendant denies the allegations contained in this paragraph.

**DAMAGES**

44.     Defendant answers paragraph 44 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

45.     Defendant answers paragraph 45 of the complaint as follows:  This paragraph contains legal contentions that do not require a response.  To the extent a response is required, defendant denies the allegations contained in this paragraph.

46.     Defendant answers paragraph 46 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(42 U.S.C. Section 1983)**

**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)**

**(Plaintiff v Defendants PATINO and CHA)**

47.     Defendant answers paragraph 47 of the complaint as follows:  Defendant denies the allegations contained in this paragraph, and incorporates its responses to paragraphs 1 through 46.

48.     Defendant answers paragraph 48 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

**SECOND CAUSE OF ACTION**

**(42 U.S.C. Section 1983)**

**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**

**(Plaintiff v Defendants PATINO and CHA)**

49.     Defendant answers paragraph 49 of the complaint as follows:  Defendant denies the allegations contained in this paragraph, and incorporates its responses to paragraphs 1 through 48.

50.     Defendant answers paragraph 50 of the complaint as follows:  This paragraph contains only legal contentions that do not require a response by this defendant.

51.     Defendant answers paragraph 51 of the complaint as follows:  This paragraph contains only legal contentions that do not require a response by this defendant.

52.     Defendant answers paragraph 52 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

53.     Defendant answers paragraph 53 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

54.     Defendant answers paragraph 54 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

55.     Defendant answers paragraph 55 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

56.     Defendant answers paragraph 56 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

57.     Defendant answers paragraph 57 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

58.     Defendant answers paragraph 58 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

59.     Defendant answers paragraph 59 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

60.     Defendant answers paragraph 60 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

**THIRD CAUSE OF ACTION**

**(42 U.S.C. Section 1983)**

**(Violation of the 1st Amendment of the U.S. Constitution-Questioning Police Action)**

**(Plaintiff v Defendants PATINO and CHA)**

61.     Defendant answers paragraph 61 of the complaint as follows:  Defendant denies the allegations contained in this paragraph, and incorporates its responses to paragraphs 1 through 61.

62.     Defendant answers paragraph 62 of the complaint as follows:  This paragraph contains legal contentions that do not require a response.  To the extent a response is required, defendant denies the allegations contained in this paragraph.

63.     Defendant answers paragraph 63 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

64.     Defendant answers paragraph 64 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

65.     Defendant answers paragraph 65 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

**FOURTH CAUSE OF ACTION**

**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**

**(Plaintiff v Defendants CITY and DOES 26-50)**

66.     Defendant answers paragraph 66 of the complaint as follows:  Defendant denies the allegations contained in this paragraph, and incorporates its responses to paragraphs 1 through 65.

67.     Defendant answers paragraph 67 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

68.     Defendant answers paragraph 68 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

69.     Defendant answers paragraph 69 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

70.     Defendant answers paragraph 70 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

71.     Defendant answers paragraph 71 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

72.     Defendant answers paragraph 72 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

73.     Defendant answers paragraph 73 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

74.     Defendant answers paragraph 74 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

75.     Defendant answers paragraph 75 of the complaint as follows:  This paragraph contains legal contentions that do not require a response.  To the extent a response is required, defendant denies the allegations contained in his paragraph.

### FIFTH CAUSE OF ACTION

### (Violation of California Civil Code Section 52.1)

### (Plaintiff against Defendants Patino, Cha and DOES 1-25)

76.     Defendant answers paragraph 76 of the complaint as follows:  Defendant denies the allegations contained in this paragraph, and incorporates its responses to paragraphs 1 through 75.

77.     Defendant answers paragraph 77 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

78.     Defendant answers paragraph 78 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

79.     Defendant answers paragraph 79 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

80.     Defendant answers paragraph 80 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

81.     Defendant answers paragraph 81 of the complaint as follows:  This paragraph contains legal contentions that do not require a response.  To the extent a response is required, defendant denies the allegations contained in his paragraph.

### SIXTH CAUSE OF ACTION

### (Negligence)

### (Plaintiff against Defendants Patino, Cha, and DOES 1-25)

82.     Defendant answers paragraph 82 of the complaint as follows:  Defendant denies the allegations contained in this paragraph, and incorporates its responses to paragraphs 1 through 81.

83.     Defendant answers paragraph 83 of the complaint as follows:  This paragraph contains legal contentions that do not require a response.  To the extent a response is required, defendant denies the allegations contained in his paragraph.

84.     Defendant answers paragraph 84 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

85.     Defendant answers paragraph 85 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

## SEVENTH CAUSE OF ACTION

### (Title II of Americans with Disabilities Act - 42 U.S.C. Section 12132)

### (Plaintiff against Defendants Patino, Cha, City and DOES 1-50)

86.     Defendant answers paragraph 86 of the complaint as follows:  Defendant denies the allegations contained in this paragraph, and incorporates its responses to paragraphs 1 through 85.

87.     Defendant answers paragraph 87 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

88.     Defendant answers paragraph 88 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

89.     Defendant answers paragraph 89 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

90.     Defendant answers paragraph 90 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

91.     Defendant answers paragraph 91 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

## EIGHTH CAUSE OF ACTION

### (Assault)

### (Plaintiff Against Defendants Patino, Cha and DOES 1-25)

92.     Defendant answers paragraph 92 of the complaint as follows:  Defendant denies the allegations contained in this paragraph, and incorporates its responses to paragraphs 1 through 91.

93.     Defendant answers paragraph 93 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

**NINTH CAUSE OF ACTION**

**(Battery)**

**(Plaintiff Against Defendants Patino, Cha and DOES 1-25)**

94.    Defendant answers paragraph 94 of the complaint as follows:  Defendant denies the allegations contained in this paragraph, and incorporates its responses to paragraphs 1 through 93.

95.    Defendant answers paragraph 95 of the complaint as follows:  Defendant denies the allegations contained in this paragraph.

**JURY TRIAL DEMAND**

Defendant has no obligation to either admit nor deny the contentions made in this paragraph.

**JURY DEMAND**

This is merely a request for a jury trial, to which Defendant has no obligation to either admit nor deny.  Defendant demands a jury trial.

**SEPARATE AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Assumption of Risk - Peril)

Defendant alleges that plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiff was caused by said risks which were accepted and voluntarily assumed by plaintiff, when engaging in said activity.

**THIRD AFFIRMATIVE DEFENSE**

(Assumption of the Risk)

Defendant alleges that plaintiff had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in

said complaint; and that the loss or damage, if any, sustained by the him was caused by said risks that were accepted and voluntarily assumed by him.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any from defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Defendants' Acts Not A Proximate Cause)

Defendant states that any act or omission on the part of the answering defendant, its agents or employees, was not the proximate cause of plaintiff's injury.

## SIXTH AFFIRMATIVE DEFENSE

### (Denial of Damages)

Defendant denies that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

## EIGHTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendant claims the immunities under the applicable provisions of the Government Code, including without limitation §§ 820.8, 830-835.4.

## NINTH AFFIRMATIVE DEFENSE

### (Barred by Tort Claims Act and Failure to file Claim)

Defendant alleges that to the extent the complaint includes allegations within the scope of the California Tort Claims Act, the complaint is barred by the following provisions of the California Tort

Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

## TENTH AFFIRMATIVE DEFENSE

### (Variance Between Tort Claim and Complaint)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, plaintiff's purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiff's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910, 911.2, 945.5, 950.2 and related provisions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant alleges that the employees, officials and agents of defendant was at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

By reason of plaintiff's own acts and omissions, plaintiff is estopped from seeking any recovery from defendant by reason of the allegations set forth in the complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendant to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

The complaint and each cause of action therein are barred by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Proper Conduct)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the complaint, it acted without malice and with a good faith belief in the propriety of its conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Acting in Good Faith)

As a separate and affirmative defense to the complaint and to each and every allegation set forth therein, defendant alleges that at all times mentioned in the complaint, it performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Privilege)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, defendant alleges that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Immunities)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, defendant asserts the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Public Liability Act)

Defendant alleges the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendant's duties and liabilities in this action.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Immunity:  Exemplary Damages)

Defendant City and County of San Francisco alleges that it, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Plaintiff's Conduct Reckless and Wanton)

Defendant alleges that at all times mentioned in plaintiff's Complaint herein, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claim is barred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Discretionary Act Immunity)

Defendant alleges that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, plaintiff's claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Privilege)

Defendant alleges that if any force was used by its employees against the plaintiff herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

(Justified Use of Force)

The Complaint and each cause of action therein is barred because the use of force against the plaintiff by and the employees of Defendant, if any, was privileged and justified.

1

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

(Comparative Negligence)

3

Defendant alleges by way of a plea of comparative negligence that plaintiff was negligent in

4

and about the matters and activities alleged in the Complaint; that plaintiff's negligence contributed to

5

and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof;

6

and that if plaintiff is entitled to recover damages against any Defendant by virtue of the complaint,

7

Defendant prays that the recovery be diminished or extinguished by reason of the negligence of the

8

plaintiff in proportion to the degree of fault attributable to the plaintiff.

9

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

10

(Arrest)

11

Defendant alleges that if any force was used to effect the arrest of the plaintiff herein by any

12

named defendant, such force was authorized and privileged pursuant to Sections 835 and 835a of the

13

California Penal Code and as a proximate result thereof plaintiff is barred from any recovery herein for

14

any alleged injury or damage if any there were.

15

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

16

(Resisting Arrest)

17

Defendant alleges that plaintiff was under a duty pursuant to Section 834a of the California

18

Penal Code to refrain from using force or a weapon to resist his arrest; that plaintiff breached his duty

19

even though he knew or by the exercise of reasonable care should have known that he was being

20

arrested by a peace officer; that as a direct and proximate result of plaintiff's breach of this duty he is

21

barred from recovery for any loss or damage he may have incurred, if any there be.

22

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

23

(Plaintiff/Plaintiff Assaulted Police)

24

Defendant alleges that at all times mentioned in plaintiff's complaint herein, plaintiff willfully,

25

wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting

26

officers; that it became and was necessary to use force on the person of the plaintiff to defend said

27

arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if

28

any, incurred by plaintiff were proximately caused by the necessary use of said reasonable force on the

person of plaintiff and not otherwise; and that by reason of plaintiff instituting said vicious and violent assault on the persons of said arresting officers, plaintiff's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiff's claim, if any, is barred by law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Prevent Injury/Escape)

Defendant alleges that no more force was used on plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Self Defense)

Defendant alleges by way of a plea of self-defense that its employees honestly and reasonably believed that plaintiff was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Immunity from Injury Caused by Person Resisting Arrest)

Defendant alleges that, pursuant to Government Code section 845.8, Defendant is immune from liability as a matter of law for injury caused to plaintiff by a person resisting arrest.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to State Relief Under 42 U.S.C. 1983)

Defendant alleges that the plaintiff has failed to allege facts in the complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against San Francisco, its agents, employees and particularly its police officers.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(No Breach of Duty)

Defendant further alleges that it is not liable for any cause of action based in negligence, as it has breached no duty of care owed to plaintiff.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(City and County of San Francisco Not a Proper Party)

Defendant alleges that plaintiff has failed to allege sufficient, specific facts against San Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Mutual Combat)

Defendant alleges that plaintiff had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the complaint herein; that plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and that the loss or damage, if any, sustained by plaintiff were caused by said risks, which were accepted and voluntarily assumed by plaintiff when he engaged in said activity.

**THIRTY SEVENTH AFFIRMATIVE DEFENSE**

(Penal Code §834a)

This answering Defendant alleges that plaintiff was under a duty pursuant to §834a of the California Penal Code to refrain from using force or a weapon to resist his arrest and/or detention; that Plaintiff breached this duty even though he knew or by the exercise of reasonable care should have known that he was being arrested and/or detained by a peace officer; that as a direct and proximate result of the Plaintiff's breach of this duty, Plaintiff is barred from recovering any loss or damage he may have incurred, if any there be.

**THIRTY EIGHTH AFFIRMATIVE DEFENSE**

(Probable Cause)

This answering defendant alleges that at all times material hereto, the Officers of the San Francisco Police Department had reasonable and probable cause to detain, restrain, arrest and prosecute Plaintiff based on violations of the California Penal Code.

### THIRTY NINTH AFFIRMATIVE DEFENSE

The Complaint is barred in that the relief sought would require Defendant to alter fundamentally the City and County of San Francisco's services and programs.

### FORTIETH AFFIRMATIVE DEFENSE

To the extent that the Complaint alleges entitlement to services or programs that are not being provided, Plaintiff has failed to demonstrate, on her own behalf and on behalf of any purported class, eligibility or entitlement to such programs or services.

### FORTY FIRST AFFIRMATIVE DEFENSE

The Complaint is barred in that the relief sought would place an undue financial and administrative burden or hardship on the City and County of San Francisco and would require unreasonable modifications to programs and services.

### FORTY SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative and other state remedies.

### FORTY THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in that Plaintiff seeks relief under the Americans with Disabilities Act allegedly because of acts or omissions of City and County of San Francisco employees who are not entities within the meaning of the Act.

### FORTY FORTH AFFIRMATIVE DEFENSE

The City and County of San Francisco has a comprehensive system or plan which is effectively providing appropriate services, programs, and facilities.

### FORTY FIFTH AFFIRMATIVE DEFENSE

To the extent that the Complaint alleges entitlement to services or programs that are not being provided, Plaintiff has failed to demonstrate, on her own behalf and on behalf of any purported class, eligibility or entitlement to such programs or services.

### FORTY SIXTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the subject matter of this action, which is to compel a reallocation of taxpayer funds within a fixed and limited City budget to favor a few citizens over all

other citizens on the basis of recommendations from indefinite and conflicting professional judgments or standards or lay opinions.

### FORTY SEVENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint is barred based upon the separation of powers doctrine.

### FORTY EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred because Defendant is not required to make structural changes in existing facilities where other methods are or would be effective to achieve compliance with applicable law.

### FORTY NINTH AFFIRMATIVE DEFENSE

The Complaint is barred in that Plaintiff seeks relief under the Americans with Disabilities Act allegedly because of acts or omissions of City and County of San Francisco employees who are not entities within the meaning of the Act.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing from Defendant;

2.    That the Complaint against Defendant be dismissed with prejudice;

3.    That Defendant recover its costs of suit herein, including attorneys' fees; and

4.    For such other relief as is just and proper.

Dated:  May 8, 2018

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
MARGARET W. BAUMGARTNER
Deputy City Attorney

By: */s/ Margaret W. Baumgartner*
MARGARET W. BAUMGARTNER

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO