UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN MOORE,

   Plaintiff,

 v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

   Defendants.

Case No. 18-cv-00634-SI

**ORDER RE DISCOVERY DISPUTE**

Re: Dkt. No. 39

Now before the Court is a discovery dispute letter jointly submitted by the parties. See Docket. No. 39.

## BACKGROUND

Plaintiff's complaint alleges various causes of action arising from an incident with San Francisco police officers in January 2017.[1] In January 2017, San Francisco police officers responded to a call from plaintiff's neighbor who alleged plaintiff violated a restraining order. Complaint ¶16. As detailed in the complaint, the police officers went to plaintiff's home to speak with him and plaintiff refused to let them inside. *Id*. ¶18-32. The exchange between the police officers and plaintiff culminated in plaintiff being shot twice. *Id*. ¶33.

The issue now before the Court is whether nor not plaintiff should submit to a mental examination pursuant to FRCP 35. Defendants request the exam in light of plaintiff's diagnosis with schizophrenia and his behavior during his deposition. Plaintiff opposes the exam, arguing the medical records sufficiently detail his diagnosis and render the exam superfluous.

---

[1] The Complaint says in paragraph 1 that the altercation between the parties took place on January 11, however, paragraph 16 says the altercation took place on January 6.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 35(a) gives a court authority to order one party to comply with the other's legitimate discovery request to submit to a physical or mental examination by a suitably licensed examiner. The party moving for physical or mental examination must meet two requirements: (1) the physical or mental condition of the party must be "in controversy" and (2) "good cause" for examination must be established. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995). "Good cause for a mental examination requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case." *Id.* at 609. It is within the broad discretion of the district court to determine whether a party must submit to examination. *Shirsat v. Mutual Pharmaceutical Co., Inc.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996).

**DISCUSSION**

Plaintiff's mental state is in controversy for several reasons. First, in his second cause of action plaintiff places his mental state in controversy by claiming intentional infliction of emotional distress as a result of alleged Fourth Amendment violations. Second, plaintiff's schizophrenia diagnosis goes to his behavior on the morning in question. Finally, the medical examination is appropriate with respect to plaintiff's competency in light of his statements during his deposition and during the morning in question.

Plaintiff argues the proposed exam is unnecessary because the documents, testimony, and medical records already provided through the discovery process sufficiently detail plaintiff's schizophrenia diagnosis. The Court agrees that the examiner should thoroughly review all available materials relevant to plaintiff's mental health prior to the exams, both as context and to avoid redundant testing. However, the Court is unpersuaded that medical records are equally as informative as a comprehensive forensic psychological and psychiatric exam.

## CONCLUSION

For the forgoing reasons, the Court chooses to exercise its broad discretion and hereby GRANTS defendants' request for a mental examination pursuant to FRCP 35.

**IT IS SO ORDERED**.

Dated: February 27, 2019

SUSAN ILLSTON
United States District Judge