DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
CHRISTOPHER B. WHITMAN, State Bar #223636
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4240
Facsimile:      (415) 554-3837
Email:            chris.whitman@sfcityatty.org
Email:            kelly.collins@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
KENNETH CHA and COLIN PATINO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SEAN MOORE, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; KENNETH CHA, individually and in his capacity as a City of San Francisco Police Officer; COLIN PATINO, individually and in his capacity as a City of San Francisco Police Officer; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 3:18-cv-00634-SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Fed. R. Evid. 201]<br><br>Hearing Date: December 4, 2020<br>Time:         10:00 a.m.<br>Place:        Courtroom 1, 17th Floor<br>              450 Golden Gate Avenue<br><br>Trial Date: February 8, 2021 |
|---|---|

        Defendants OFFICER KENNETH CHA, OFFICER COLIN PATINO, and the CITY AND COUNTY OF SAN FRANCISCO ("Defendants") hereby request that this Court take judicial notice of the following documents and facts that meet the requirements of Rule 201 of the Federal Rules of Evidence:

///

A. Complaint for Damages (Doc. No. 1), filed on January 29, 2018 in the instant action, a true and correct copy of which is attached hereto as **Exhibit A.**

B. Temporary Restraining Order, filed in the Superior Court for the County of San Francisco on December 20, 2016, in Case No. CCH-16-578824, *Christopher Choy v. Sean Wendell Moore*, a true and correct copy of which is attached hereto as **Exhibit B**.

The court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts have found that public records are appropriate matters for judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (courts may take judicial notice of matters of public record outside the pleadings). Proceedings in other courts are also properly matters for judicial notice. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" is proper). A court may take judicial notice of the authenticity and existence of a particular order, motion, pleading, or legal memorandum. *Kent v. DaimlerChrysler Corp.*, 200 F. Supp.2d 1208, 1219 (N.D. Cal. 2002) (taking judicial notice of two state court decisions and a legal memorandum filed in a state court action on the grounds that they are public records).

DATE: October 30, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
CHRISTOPHER B. WHITMAN
KELLY COLLINS
Deputy City Attorneys

By: */s/ Christopher B. Whitman*
CHRISTOPHER B. WHITMAN

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
KENNETH CHA and COLIN PATINO