# EXHIBIT A

**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**LATEEF H. GRAY, Esq., SBN 250005**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone:      (510) 839-5200
Facsimile:       (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Lateef.Gray@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MOORE, an individual ) | Case No.: |
| ) | |
| Plaintiff, ) | |
| v. ) | COMPLAINT FOR DAMAGES |
| ) | (42 U.S.C § 1983) |
| CITY AND COUNTY OF SAN ) | |
| FRANCISCO, a municipal corporation; ) | |
| KENNETH CHA, individually and in his ) | JURY TRIAL DEMANDED |
| capacity as a City of San Francisco Police ) | |
| Officer; COLIN PATINO, individually and ) | |
| in his capacity as a City of San Francisco ) | |
| Police Officer; and DOES 1-50, inclusive. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## INTRODUCTION

1.  This civil rights lawsuit arises out of the unlawful January 11, 2017 shooting of Sean Moore by San Francisco Police Officers Kenneth Cha and Colin Patino while Plaintiff was standing unarmed on his front porch.

2.  Fortunately, the Defendant Officers' body worn cameras captured this egregious display of police abuse leaving many of the facts undisputed. For example, the footage clearly shows the Officers violated their professional training and SFPD Policy by taunting and attempting to provoke Mr. Moore, who is mentally disabled, into a confrontation. The Officers then elected to use pepper spray and their batons to assault Mr. Moore because he lawfully expressed his desire for the

**The Law Offices of John L. Burris**
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

**The Law Offices of John L. Burris**
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

Officers to leave his property and thereafter attempted to exercise his right to no longer speak with them and go back inside of his home.  Instead of respecting his rights, the Defendant Officers continued to antagonize Mr. Moore until the point Officer Cha shot Mr. Moore twice for no lawful reason.  Officer Cha, apparently aware he unlawfully shot and perhaps fatally injured Mr. Moore, immediately called SFPD dispatch after the shooting and requested a lawyer be sent to the scene to represent him.

3.   Adding the utmost insult to his injuries, SFPD arrested and then lobbied the San Francisco District Attorney's Office to have Mr. Moore criminally prosecuted on bogus felony charges for supposedly assaulting and battering the Officers. Incredulously, the San Francisco District Attorney's Office obliged SFPD's request and charged Mr. Moore with several felonies, despite having the Officers' bodycam videos, which prove Mr. Moore was well within his rights and the Officers' conduct unlawful and a violation of their training and SFPD Policy.  SFPD and the SF District Attorney's Office decision to criminally prosecute Mr. Moore forced Mr. Moore to remain in custody, critically injured, under a million dollar bail until the bogus criminal case was finally dismissed after the SF Public Defender's Office challenged the validity of the trumped up charges.

### JURISDICTION

4.   This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of the United States Code Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, which is within the judicial district of this Court.

5.   The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1367 over the state law claims which are so related to federal claims in this action in that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

6.   Venue is proper in this Court under 28 U.S.C. Section 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### PARTIES

7.   Plaintiff SEAN MOORE (hereinafter "Plaintiff"), is an individual residing in SAN FRANCISCO, CALIFORNIA.  Plaintiff suffers from mental health disabilities, including but not limited to being a diagnosed schizophrenic and at all relevant times was a qualified individual as

defined by Title II of the Americans with Disabilities Act.

8. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "Defendant City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California, and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Francisco Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of all named Defendants and all DOE Defendants, individually and as peace officers.

9. Defendant KENNETH CHA (hereinafter "Defendant Cha") is, and at all times mentioned herein, a police officer for the City of San Francisco, and is sued in his individual and official capacity.

10. Defendant COLIN PATINO (hereinafter "Defendant Patino") is, and at all times mentioned herein, a police officer for the City of San Francisco, and is sued in his individual and official capacity.

11. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control and in violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

12. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City and County of San Francisco.

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

The Law Offices of John L. Burris
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

3

**ADMINISTRATIVE PREREQUISITES**

15. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed a claim against the City of San Francisco on July 5, 2017. The City of San Francisco rejected Plaintiff's claim on July 28, 2017. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

**STATEMENT OF FACTS**

16. On January 6, 2017, at approximately 3:51 a.m., Mr. Choy called the San Francisco Police Department's non-emergency number to report that his next-door neighbor, Plaintiff, Mr. Sean Moore, had allegedly violated the terms of a temporary restraining order that Mr. Choy had against Mr. Moore by knocking on the wall that adjoined their homes. Unbeknownst to Mr. Moore, SFPD Police Dispatch assigned SFPD Officers Kenneth Cha and Colin Patino to investigate Mr. Choy's claim.

17. At approximately 4:15 a.m., the Officers arrived in front of Mr. Moore and Mr. Choy's homes. Officer Patino went to speak to Mr. Choy, while Officer Cha went to Mr. Moore's home. Mr. Choy greeted Officer Patino and gave him a copy of the temporary restraining order. As Officer Cha started to read the temporary restraining order, he heard yelling coming from next door. He abruptly left Mr. Choy and ran over to Mr. Moore's home after only speaking to Mr. Choy for 30 seconds. Given the brevity of their interaction, Mr. Choy was unable to give Officer Patino any details about what had taken place that morning or the history between he and Mr. Moore.

18. Next, Officer Patino climbed the stairs to the second floor landing of Mr. Moore's home and saw Officer Cha standing in front of Mr. Moore's front door. Mr. Moore, who was standing inside his home but on the other side of a metal security gate had questioned Officer Cha as to why he was at his door at such an early hour in the morning and ordered him to leave. Officer Patino, who was now on the landing, asked Mr. Moore whether he was going to listen to what the Officers had to say. In response, Mr. Moore repeatedly told them to hurry up with what they had to say and to leave.

19. Mr. Moore displayed obvious signs of being mentally impaired as he was speaking in a loud, rapid tone and would then commence to mumbling, repeating himself and making nonsensical statements consistent with his diagnosed schizophrenia. The Defendant officers are professionally trained to de-escalate situations such as these by utilizing time, distance and their resources. Unfortunately, the Defendants ignored their training.

4

**The Law Offices of John L. Burris**
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

**The Law Offices of John L. Burris**
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

20.   Instead, the Defendant Officers pressed Mr. Moore to confirm his name, which he did.  He went on to tell the Officers he was taking his garbage out and to get off of his stairs.  The Defendants responded by telling Mr. Moore they were not going to leave.  Mr. Moore told the Defendants multiple times to leave, get off his porch and that he did not want to talk to them.  He then went to walk inside his home but was ordered to come back.

21. Defendant Patino asked Mr. Moore whether he violated the temporary restraining order, to which Mr. Moore told him "no." Defendant Patino then began to read the temporary restraining order aloud to Mr. Moore, who explained that he had not had any contact with Mr. Choy and denied violating the temporary restraining order.

22. The Defendant Officers did not have probable cause to arrest Mr. Moore as they neither personally observed Mr. Moore violate the temporary restraining order or commit any crimes, nor had Mr. Choy asked to place Mr. Moore under citizen's arrest. Without legal authority to arrest Mr. Moore, the Defendants were obligated to heed his demands and get off his property. Instead, they determined to arrest Mr. Moore and refused to leave.

23. Mr. Moore, frustrated by the Defendant Officers' refusal to leave and constant badgering, told the Defendants he was going to call 911 to have them removed from his property and closed his front door. By the time Mr. Moore closed his door, he had told the Officers over 20 times to go away and leave his property.  The Defendants openly scoffed and laughed at Mr. Moore further escalating the situation.

24. Next, the two Defendants made their way down Mr. Moore's steps while Defendant Patino read the restraining order aloud.  Defendant Cha continued to shine his flashlight upon Mr. Moore's door, prompting him to once again demand the Officers leave from in front of his home.  The Defendant Officers decided to confront Mr. Moore and walked back up his stairs.  They then proceeded to demand Mr. Moore listen as Defendant Patino began reading the temporary restraining order aloud again.

25. The Defendants' conduct continued to increasingly aggravate Mr. Moore until he reiterated that he had not bothered Mr. Choy or violated the terms of the temporary restraining order. The Defendants began bickering with Mr. Moore and demanded that he continue listening to the terms of the temporary restraining order. Mr. Moore became even more upset and told the Defendants that he was aware of the upcoming court date concerning the temporary restraining order, that he was done talking to them and to get off his stairs.

**The Law Offices of John L. Burris**
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

26. Nevertheless, the Defendant Officers continued to trespass on Mr. Moore's property and remained at his front door. Mr. Moore opened the metal gate and for the 39th time told the Defendant Officers to get off his stairs. Defendant Cha and Patino refused to leave and threatened to pepper spray him. At no time did Mr. Moore advance on the Defendants or attempt to make contact with them. Instead, he remained standing in the same place until Defendant Cha attacked Mr. Moore by spraying him with his pepper spray. Defendant Cha's poor decision making and tactics caused the spray to fly into Defendant Patino's, as well as Mr. Moore's, eyes, causing both men to be partially blinded. Mr. Moore sensing the threat the Defendant's posed to his safety tried to flee back into his home.

27. The Defendant Officers pursued Mr. Moore and he in turn put up his foot to fend off their attack. Unable to physically restrain Mr. Moore, the Officers went back down the stairs to the sidewalk. The Defendants ordered Mr. Moore, who now had the temporary restraining order in his hand, to give it back. Mr. Moore attempted to comply, but was challenged by the Defendants.

28. Defendant Cha called an ambulance to the scene but failed to call for any additional resources or the critical incident team. Defendant Patino told Mr. Moore to give the temporary restraining order back. Mr. Moore implored the Officers to leave and Defendant Patino told Mr. Moore he was under arrest. Mr. Moore, reeling from the effects of the pepper spray, told the Defendants he could not see and that he needed medical attention. The Defendants continued to demand Mr. Moore come back outside and cursed at him.

29. Mr. Moore walked up to the gate and pushed the temporary restraining order through the gate toward the Defendants, all the while Defendant Cha had his flashlight shining in Mr. Moore's eyes. The Defendants determined they were going to break the lock on the security gate to gain access to Mr. Moore's home to arrest him and began walking up the stairs.

30. Mr. Moore, still blinded by the pepper spray, told the Defendants he couldn't see and that he just wanted to get the whole incident over with. He opened his gate and stepped outside. Mr. Moore continued to shield his eyes from Defendant Cha's flashlight while the Defendant Officers yelled at him to "come on" multiple times. At this point, Defendant Cha racked his gun in anticipation that he was going to shoot Mr. Moore.

31.   Mr. Moore was holding a cordless phone in his hands. The battery cover to the phone fell off and bounced down the stairs. Mr. Moore slowly walked down the stairs to get it when the Defendant Officers rushed toward him with their batons out ready to beat him. Mr. Moore, once

again sensing the danger the Defendants posed to his safety retreated back up his stairs to the landing.

32. The Defendant Officers made it to the top of the stairs where they once again confronted Mr. Moore. Defendant Patino raised his baton over his head and struck Mr. Moore with his baton at least two times. Mr. Moore did not move and braced himself for the impact. Defendant Patino then proceeded to grab Mr. Moore by his shoulder and tried to pull him down the stairs. Defendant Patino was somehow injured during the fracas and fell back and down the stairs.

33. Defendant Cha advanced forward with his gun pointed at Mr. Moore. Mr. Moore prepared himself for the next attack by lifting his foot up. Without any warning or lawful cause, Defendant Cha shot Mr. Moore twice, critically wounding the unarmed man.

34. Defendant Cha apparently knew he had unlawfully shot and critically injured Mr. Moore as the first request he made to dispatch after the shooting was to ask for a Police Officer Association representative to come to the scene to provide him counsel. He went on to advise dispatch he shot Mr. Moore because he was being overpowered. Defendant Patino, who apparently knew Defendant Cha's false statement would be contradicted by the video from their body worn cameras, scolded his partner and told him "hey, hey, hey don't say that!"

35. Mr. Moore was later arrested and taken into custody. He was placed inside of an ambulance where he was forced to wait for over an hour before leaving the scene to go to the hospital. In fact, Mr. Moore had to remind the assembled Officers that he had been shot twice and needed urgent medical treatment.

36. The San Francisco Police Department lobbied the San Francisco District Attorney's Office for Mr. Moore to be charged with several felonies arising out this incident, despite Mr. Moore being the victim of the Defendant Officers' poor tactics and excessive use of force. The SF District Attorney's Office obliged the SFPD's request and aggressively charged Mr. Moore with over 10 felonies. Mr. Moore, unable to post a million dollar bond, was therefore forced to languish in jail for several months while he recuperated from his life threatening injuries. Ultimately, all of the bogus charges were dismissed after the SF Public Defender's Officer challenged the validity of the trumped up charges.

37. To this day, Mr. Moore continues to suffer from the injuries he attributes to the incident, including but not limited to: severe emotional distress, pain, suffering, permanent physical disfigurement and partial physical disability.

**The Law Offices of John L. Burris**
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

**The Law Offices of John L. Burris**
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

38. Mr. Moore was known to have mental challenges that were easily identifiable and the Defendant Officers did not properly assess or approach the situation with that understanding. Instead, Defendants Cha and Patino utilized negligent police tactics, including but not limited to disregarding de-escalation techniques and not calling the Crisis Intervention Team, thereby escalating the situation and ultimately resulting in the mentally distressed man being shot.

39. During the subject incident, Mr. Moore never threatened anyone, nor did he pose a substantial risk of causing anyone death or serious bodily injury. As such, the use of deadly force by Defendant Cha was unjustified.

40. Plaintiff is informed, believes and thereon alleges that CCSF knew, or had reason to know by way of actual or constructive notice, that SFPD officers are inadequately trained in the proper assessment and use of deadly force, which has resulted in the unwarranted death and/or injury of citizens.

41. Plaintiff is informed, believes and thereon alleges that CCSF knew, or had reason to know by way of actual or constructive notice, that SFPD supervisory staff and/or training personnel fail to adequately supervise new police officers and/or police officer trainees.

42. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## **MONELL ALLEGATIONS**

43. Based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), Defendant City is liable for all injuries sustained by Plaintiff as set forth herein. Defendant City bears liability because its policies, practices and/or customs were a cause of Plaintiff's injuries. Defendant City and its officials maintained or permitted one or more of the following official policies or customs:

    a)    Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

    b)    Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of force, arrest, search, and detention;

The Law Offices of John L. Burris
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

c)  Failure to adequately discipline or retrain officers involved in misconduct;

d)  Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

e)  Encouragement of officers in the belief that they can violate the rights of persons, such as Plaintiff, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

f)  Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint and, in particular, the ratification of the unjustified shooting of Plaintiff.

## **DAMAGES**

44. As a proximate result of Defendants' conduct, Plaintiff was mentally and emotionally injured and damaged as a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. § 1983, the Fourth Amendment and the ADA.

45. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is entitled to an award of reasonable attorney's fees and/or costs pursuant to statute(s) in the event that Plaintiff is the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985, 1986, and 1988.

46. The conduct of the Defendant Police Officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendant Officers.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### (42 U.S.C. Section 1983)
**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)**
**(Plaintiff v Defendants PATINO and CHA)**

47. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint.

48. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
#### (42 U.S.C. Section 1983)
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(Plaintiff v Defendants PATINO and CHA)**

49. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint.

50. 42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

51. Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

52. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

53. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

The Law Offices of John L. Burris
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

54.     On January 6, 2017, Plaintiff posed no threat to the Defendant Officers when Defendant Officers seized and used excessive force against Plaintiff.

55.     The Defendants' use of pepper spray, a baton and their firearms to assault, beat and shoot Plaintiff was unnecessary, unreasonable, and excessive, and constituted excessive uses of force.

56.     There was no need to use such extreme force against Plaintiff.

57.     In using excessive force, the Defendant Officers were acting in accordance with widespread informal practices and customs maintained by the City and SFPD, as elaborated upon in the paragraphs above.

58.     Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

59.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

60.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


### THIRD CAUSE OF ACTION
**(42U.S.C. Section 1983)**
**(Violation of the 1st Amendment of the U.S. Constitution-Questioning Police Action)**
**(Plaintiff v Defendants PATINO and CHA)**

61.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 61 of this Complaint.

62.     At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

The Law Offices of John L. Burris
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA94621

63.    Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising of his right to protest police action, liberty and free movement.

64.    The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

65.    As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Policy (*Monell*)–42 U.S.C. section 1983)**
**(Plaintiff v Defendants CITY and DOES 26-50)**

66. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 65 of this Complaint.

67. Plaintiff is informed and believes and thereon alleges that high ranking CITY AND COUNTY OF SAN FRANCISCO officials, including Defendants, and DOES 1-50, and/or each of them, knew and/or reasonably should have known that SFPD police officer trainees and/or SFPD police academy graduates are inadequately trained in the use of making lawful arrests, de-escalation techniques and the use of force.

68. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the employment of inadequately trained police officer trainees and/or police academy graduates.

69. Plaintiff is informed and believes and thereon alleges that high ranking CITY AND COUNTY OF SAN FRANCISCO officials, including Defendants, and DOES 1-50, and/or each of them, knew and/or reasonably should have known that SFPD supervisory and training staff fails to adequately supervise SFPD officers and trainees.

70. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the failure to adequately supervise SFPD officers and trainees.

71. The injuries and damages to Decedent and Plaintiff as alleged herein were the foreseeable

The Law Offices of John L. Burris
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

and proximate result of said inadequate training and/or inadequate supervision of Defendants and/or DOES 1-50 in his/her/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them.

72. Plaintiff is informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training and supervision of the Defendants and/or DOES 1-50 in his/her/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO.

73. The aforementioned failure to train and/or supervise Defendants and/or DOES 1-50 in his/her/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, violations of the Fourth and Fourteenth Amendment.

74. The aforementioned inadequate training and supervision of SFPD officers resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

    c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

75. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of California Civil Code Section 52.1)**
**(Plaintiff against Defendants Patino, Cha and DOES 1-25)**

76. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 75 of this Complaint.

77. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code Section 52.1.

78. As a direct and proximate result of Defendants' violations of Civil Code Section 52.1,

Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

79. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

80. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of reasonable attorney's fees pursuant to Civil Code Section 52(a).

81. Under the provisions of California Civil Code Section 52(b), Defendants are liable for punitive damages for each violation of Civil Code Section 52.1, reasonable attorney's fees and an additional $25,000.00

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Negligence)
### (Plaintiff against Defendants Patino, Cha, and DOES 1-25)

82. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 81 of this Complaint.

83. The present action is brought pursuant to Sections 820 and 815.2 of the California Government Code. Pursuant to Section 820 of the California Government Code, as public employees, Defendants Patino, Cha and DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Patino, Cha and DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Patino, Cha and DOES 1-25 pursuant to Section 815.2 of the California Government Code.

84. Defendants negligently and without due care violently assaulted Plaintiff without legal justification. Plaintiff was injured as a proximate and direct cause of the Defendants' negligent conduct.

85. The violent and needless assaults on Plaintiff occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Title II of Americans with Disabilities Act - 42 U.S.C. Section 12132)
### (Plaintiff against Defendants Patino, Cha, City and DOES 1-50)

86. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 85 of this Complaint.

87. As against Defendants Patino, Cha and DOES 1-25, Plaintiff was a qualified individual under Title II of the Americans With Disabilities Act. Plaintiff had a diagnosed mental illness and Defendant Officers had reason to know Plaintiff was suffering from his mental disability as, on arrival, it was obvious that Plaintiff was suffering from a mental disability. Reasonable modifications to Defendants' tactical conduct would have eliminated any possible danger posed by Plaintiff and eliminated the Defendants' use of force against him. Plaintiff was thus a qualified individual under Title II of the Americans with Disabilities Act.

88. As against Defendant CITY, and/or DOES 26-50 in their capacity as official policymaker(s) for the CITY, Plaintiff alleges that said defendants failed to train, supervise, and/or discipline Defendants Patino, Cha and DOES 1-25, for failing to provide reasonable accommodations during their call for service to Plaintiff.

89. Further, reasonable accommodations were available and reasonable to use under the circumstances, including, but not limited to: de-escalation tactics; summoning the Crisis Intervention Team; creating time and space to reduce or eliminate any danger; among other reasonable options.

90. The City of San Francisco and its employees failed to provide any and all of these reasonable accommodations to Plaintiff, despite having reason to know of his disability and that these reasonable accommodations were available to them. The Defendant officers intentionally and/or with deliberate indifference disregarded Plaintiff's disabilities and the necessary reasonable accommodations. As a result, Plaintiff was denied the services and benefits of the ADA and suffered injury, harm and humiliation greater than other arrestees, Plaintiff was shot multiple times.

91. The aforementioned conduct of Defendants Patino, Cha and DOES 1-25, in failing to make reasonable accommodations for Plaintiff, denied Plaintiff the benefits of the CITY's programs and activities, and/or discriminated against Plaintiff by reason of his disability.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Assault)
### (Plaintiff Against Defendants Patino, Cha and DOES 1-25)

92. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 92 of this Complaint.

93. Plaintiff was aware and placed in fear of imminent harm, contact and injury by Defendants when they intentionally pepper sprayed, hit with a baton and shot Plaintiff, without any just provocation or cause.  Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Battery)
### (Plaintiff Against Defendants Patino, Cha and DOES 1-25)

94. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 93 of this Complaint.

95. Defendants intentionally pepper sprayed, hit with a baton and shot Plaintiff, without any just provocation or cause.  Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

96. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages against Defendants Cha and Patino in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a);
5. Any and all permissible statutory damages;
6. For cost of suit herein incurred; and

The Law Offices of John L. Burris
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

7. For such other and further relief as the Court deems just and proper.

January 26, 2018        **Law Offices of John L. Burris**

          **___/s/_John L. Burris_____**
          JOHN L. BURRIS
          ADANTE D. POINTER
          LATEEF H. GRAY
          Attorneys for Plaintiff

**The Law Offices of John L. Burris**
Airport Corporate Center
7677 Oakport Street, Suite 1120,
Oakland, CA 94621

JS-CAND 44 (Rev. 06/17)

Case 3:18-cv-00634-SI Document 85-1 Filed 10/30/20 Page 19 of 22
Case 3:18-cv-00634-SI Document 94-1 Filed 09/29/18 Page 1 of 22

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1   U.S. Government Plaintiff

2   U.S. Government Defendant

3   Federal Question
*(U.S. Government Not a Party)*

4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| | 340 Marine | | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 151 Medicare Act | 345 Marine Product Liability | **PERSONAL PROPERTY** | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 350 Motor Vehicle | 370 Other Fraud | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 360 Other Personal Injury | 380 Other Personal Property Damage | | 862 Black Lung (923) | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 362 Personal Injury -Medical Malpractice | 385 Property Damage Product Liability | **IMMIGRATION** | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 190 Other Contract | | | 462 Naturalization Application | 864 SSID Title XVI | 890 Other Statutory Actions |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 865 RSI (405(g)) | 891 Agricultural Acts |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 210 Land Condemnation | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities–Employment | 535 Death Penalty | | | |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

1   Original Proceeding

2   Removed from State Court

3   Remanded from Appellate Court

4   Reinstated or Reopened

5   Transferred from Another District *(specify)*

6   Multidistrict Litigation–Transfer

8   Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**        Yes        No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

**(Place an "X" in One Box Only)**        **SAN FRANCISCO/OAKLAND**        **SAN JOSE**        **EUREKA-MCKINLEYVILLE**

**DATE**

**SIGNATURE OF ATTORNEY OF RECORD**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II. Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

(1) <u>United States plaintiff</u>. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

(2) <u>United States defendant</u>. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

(3) <u>Federal question</u>. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

(4) <u>Diversity of citizenship</u>. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.

(1) <u>Original Proceedings</u>. Cases originating in the United States district courts.

(2) <u>Removed from State Court</u>. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

(3) <u>Remanded from Appellate Court</u>. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) <u>Reinstated or Reopened</u>. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) <u>Transferred from Another District</u>. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

(6) <u>Multidistrict Litigation Transfer</u>. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

(8) <u>Multidistrict Litigation Direct File</u>. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

<u>Please note that there is no Origin Code 7</u>. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** <u>Class Action</u>. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

<u>Demand</u>. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

<u>Jury Demand</u>. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**IX. Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: