**JOHN L. BURRIS, ESQ., SBN 69888**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: John.Burris@johnburrislaw.com

**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Well Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEO MOORE, et al.<br><br>　　　　　Plaintiffs,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | CASE NO.: 3:18-cv-00634-SI<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE EXHIBITS UNDER SEAL** |

Defendants filed their administrative motion to seal pursuant to Civil Local Rules 79-5, because they allege that Defendants Cha and Patino's body-worn camera and the Computer Autoamted Dispatch are confidential.

Defendants cite a plethora of state law to substantiate their assertion the information should be sealed, but Plaintiff notes at the outset that state privileges do not govern in federal court. Federal Rule of Evidence 501 governs privilege issues, not state statutes. *Leon v. County of San Diego*, 202 F.R.D. 631, 635 (S.D. 2001).

Nevertheless it appears Defendants are citing to one applicable privilege within federal law. The official information privilege will apply in federal courts but only as a qualified official information privilege. In the context of a civil rights suit against a police department, the official information privilege balancing test should be "moderately pre-weighted in favor of disclosure." *Soto v. City of Concord,* 162 F.R.D. 603, 613 (N.D. 1995); *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (N.D. 1987).

Here, the documents attached are not being challenged just as confidential designations in discovery but in support of a dispositive motion. "Records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, at 1180 (9th Cir. 2006) quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 at 1135-1336 (9th Cir. 2003).  "Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record." *Kamakana*, 447 F.3d at 1180 (omitting citations).

Here, there are no compelling reasons to seal the body-worn cameras and the computer automated dispatch. Instead the analysis is overwhelming to disclose the exhibits. While Defendants attempt to submit "good cause" reasons to conceal the information, "[t]he government took no steps

to explain how these asserted privileges also met the more demanding "compelling reasons" standard". (Id. at 1185).

Instead, the fact that paid public servants trespassed on a citizens property then shot him on body-worn camera is exactly the type of information that deserves to be disclosed and not kept in secrecy.

Date: November 3, 2020                                            Respectfully submitted,


                                    **POINTER & BUELNA, LLP**

                                    **LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFFS