DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
CHRISTOPHER B. WHITMAN, State Bar #223636
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4240
Facsimile:      (415) 554-3837
Email:            chris.whitman@sfcityatty.org
Email:            kelly.collins@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
KENNETH CHA and COLIN PATINO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SEAN MOORE, an individual,<br><br>     Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; KENNETH CHA, individually and in his capacity as a City of San Francisco Police Officer; COLIN PATINO, individually and in his capacity as a City of San Francisco Police Officer; and DOES 1-50, inclusive,<br><br>     Defendants. | Case No. 3:18-cv-00634-SI<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE MATERIAL UNDER SEAL IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Civil L.R. 7-11, 79-5]<br><br>Hearing Date:   December 4, 2020<br>Time:                 10:00 a.m.<br>Place:                Courtroom One, 17th Floor<br>                          450 Golden Gate Ave.<br>                          San Francisco, CA 94102<br><br>Trial Date:         February 8, 2021 |
|---|---|

Per Civil Local Rules 7-11 and 79-5, Defendants CITY AND COUNTY OF SAN FRANCISCO, KENNETH CHA, and COLIN PATINO (collectively, "Defendants") respectfully submit this administrative motion for an Order sealing portions of the Memorandum of Points and Authorities by Defendants In Opposition to Plaintiffs' Motion for Partial Summary Judgment (hereafter, "Opposition Brief").

Defendants seek to file under seal portions of their Opposition Brief because it references and/or quotes from material that was previously designated "confidential" pursuant to the protective order in this case, and that was previously filed under seal in this Court by Defendants or Plaintiffs in connection with Defendants' pending motion for summary judgment.

Local Rule 79-5 authorizes a document to be filed under seal when it is established that the document is privileged or otherwise entitled to protection under the law. A party must demonstrate "compelling reasons" to file judicial records under seal. *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 782, 801 (9th Cir. 2007). A court must balance the competing public interest in access to private information against the interest of the individual in keeping the information private. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Compelling reasons justify sealing documents when the court file might "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, or circulate libelous statements." *Id.* (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)).

Defendants seek to file under seal portions of their Opposition Brief that reference and/or quote from the body worn camera video recordings by Officer Kenneth Cha and Officer Colin Patino, the Department of Emergency Management CAD 170060185 and related content, as well as the confidential statements given by Officers Cha and Patino to SFPD Homicide following the incident (which were previously lodged with the Court by Plaintiffs as Exhibits 6 and 5, respectively, in support of Plaintiffs' summary adjudication motion). Whitman Decl. In Support of Administrative Motion ¶ 3. The body worn camera video recordings by Officer Cha and Officer Patino were produced by Defendants to Plaintiff on August 27, 2018 and the video files bear the "CONFIDENTIAL" designation. *Id.* Department of Emergency Management CAD 170060185 was produced by Defendants to Plaintiff on October 9, 2018 and the document bears the stamp "CONFIDENTIAL." *Id.* Defendants are not filing the body worn camera videos or the CAD material with this Court.

The records are marked with "CONFIDENTIAL DOCUMENTS" because, under state law, the materials "are confidential and shall not be disclosed" because they constitute "personnel records of peace officers." Cal. Pen. Code, § 832.7, subd. (a); *see also* Cal. Pen. Code, § 832.8, subd. (a)

(defining "personnel records" as "records relating to . . . [c]omplaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties"). That is, because the records concern investigations of alleged police misconduct, they are confidential and cannot be disclosed without a showing of good cause, materiality, etc., in a *Pitchess* hearing. Cal. Pen. Code, § 832.7, subds. (a), (g); Cal. Evid. Code, §§ 1043, 1046.

Moreover, California Penal Code section 832.7 requires that the City redact the aforementioned private and/or protected information from all of the BWC video recordings. Redactions are required "[t]o remove personal data or information, such as a home address [or] telephone number," "[t]o preserve the anonymity of complainants and witnesses," and "[t]o protect confidential medical . . . or other information of which disclosure . . . would cause an unwarranted invasion of personal privacy." Cal. Pen. Code, § 832.7, subd. (b)(5). The subject records have not been redacted yet because they were produced pursuant to the protective order. To redact them would require substantial time, effort and expense by the City, and such efforts would not be required if the materials were filed under seal.

In addition, California Evidence Code section 1040 defines official information privilege as the ability of a public entity to refuse to disclose information "acquired in confidence by a public employee in the course of his or her duty" and "not open, or officially disclosed, to the public prior to the time the claim of privilege is made." Cal. Evid. Code. § 1040. Federal Courts permitting discovery of documents over which municipalities have asserted official information privilege consistently do so subject to a "carefully crafted protective order." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). Here, the BWC and CAD material are covered by the official information privilege, and therefore they must remain subject to a protective order to prevent them from being improperly introduced into the public realm. Also, this information is part of Officer Cha's and Officer Patino's confidential personnel files, and making it public would constitute an unwarranted invasion of their rights to personal privacy.

///

///

**CONCLUSION**

Defendants have identified good cause for the materials to be filed under seal in light of the minimal public interest, and respectfully request that the Court grant this motion to file under seal portions of the Memorandum of Points and Authorities by Defendants In Opposition to Plaintiffs' Motion for Partial Summary Judgment.

DATE: November 13, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
CHRISTOPHER B. WHITMAN
KELLY COLLINS
Deputy City Attorneys

By: */s/ Christopher B. Whitman*
CHRISTOPHER B. WHITMAN

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
KENNETH CHA and COLIN PATINO

Ds' Admin. Mtn. to File Under Seal
Case No. 3:18-cv-00634-SI

4

n:\lit\li2018\171372\01493632.docx