UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOYCE AMOS MOORE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No. 18-cv-00634-SI<br><br>**ORDER RE MOTION TO CERTIFY APPEAL AS FRIVOLOUS**<br><br>Re: Dkt. Nos. 124, 125 |

On December 10, 2020, the Court issued an order granting in part and denying in part the parties' summary judgment motions. Dkt. No. 115. In that order the Court found "[r]esolution of defendants' qualified immunity defense requires determination of numerous factual disputes…. So here, the qualified immunity question cannot be resolved on the record at this time." Dkt. No. 115 at 8[1]. Accordingly, that part of the summary judgment motion was denied. On December 23, 2020, defendants filed a notice of appeal from that order. Dkt. No. 120.

On January 4, 2021, plaintiffs filed (1) a motion to certify defendants' appeal of this Court's summary judgment ruling on qualified immunity as frivolous and (2) a motion to shorten time. Dkt. No. 124 and 125. Defendants argue the Court's ruling on qualified immunity is immediately appealable and that their appeal has divested this Court of jurisdiction. Dkt. No. 126 at 2. However, the Ninth Circuit has adopted a "dual jurisdiction rule" for purposes of interlocutory appeals of qualified immunity denials, stating, "[s]hould the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Chuman v.*

---

[1] For ease of reference, page number citations to docket entries refer to the ECF branded number in the upper right corner of the page.

*Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Further, the United States Supreme Court has held "that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-320 (1995). Thus, the Ninth Circuit's "jurisdiction to hear an interlocutory appeal from denial of qualified immunity **turns on the basis for denial**…. an order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order." *Maropulos v. County of L.A.*, 560 F.3d 974, 975 (9th Cir. 2009) (emphasis added). As such, this Court **does** have jurisdiction over this matter. Further, in light of the imminent deadlines in this action (Joint Pretrial Conference Statement due January 12, 2021; Pretrial Conference on January 26, 2021; and jury trial on February 8, 2021), the Court determines that it is necessary to exercise this jurisdiction without further delay. The Court therefore GRANTS plaintiffs' motion certifying the appeal as frivolous.

Further, in light of the recent COVID-19 surge in the San Francisco Bay Area and the attendant interruption in in-court proceedings for this month and perhaps next month, the Court hereby converts the pre-trial conference currently set for January 26, 2021 into a status conference to discuss next steps in this matter. The deadline for pre-trial filings is temporarily suspended.

**IT IS SO ORDERED**.

Dated: January 8, 2021

SUSAN ILLSTON
United States District Judge